1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  JASON PAUL KELLEY,

9                      Plaintiff,

10        v.

11  KING COUNTY DEPARTMENT OF
    ADULT AND JUVENILE DETENTION, *et*
12  *al*.,

13                      Defendants.

14

Case No. C22-1105-LK-MLP

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
LEAVE TO AMEND

15             **I.     INTRODUCTION AND SUMMARY CONCLUSION**

16         Plaintiff Jason Paul Kelley is a pretrial detainee who is confined at the Maleng Regional

17  Justice Center ("RJC") in Kent, Washington. He has submitted to the Court for filing a prisoner

18  civil rights complaint under 42 U.S.C. § 1983. (*See* dkt # 3-1.) The Court, having reviewed

19  Plaintiff's proposed complaint, concludes that Plaintiff has not adequately alleged a viable claim

20  for relief in his pleading. The Court therefore declines to order that Plaintiff's complaint be

21  served on Defendants, but grants Plaintiff leave to file an amended complaint correcting the

22  deficiencies identified below.

23

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

## II.   BACKGROUND

Plaintiff asserts in his complaint that on October 16, 2021, while confined at the RJC, he sought medical care when his left leg began to swell. (Dkt. # 3-1 at 6.) A nurse examined Plaintiff's leg and then sent him to Harborview Medical Center ("HMC") for evaluation. (*Id*.) HMC staff ran a test and advised that more tests were needed in order to determine a treatment plan. (*Id*.) Plaintiff was apparently scheduled for another appointment at HMC on November 5, 2021, but that appointment was cancelled. (*Id*. at 4.) On November 24, 2021, Plaintiff was transported from the RJC to HMC for another appointment, but HMC staff merely repeated the same test that had been conducted the month prior. (*Id*. at 6.) Plaintiff appears to assert that the King County Jail Health Services staff set up the wrong appointment as it was his understanding that he should have received a different test. (*Id*.)

Plaintiff asserts that after returning to the RJC, it took over two months before he was able to speak to a medical provider, despite submitting repeated kites explaining that he needed to have his thigh measured per instructions received from HMC. (Dkt. # 3-1 at 6.) Plaintiff appears to assert that when he finally spoke to a nurse, she indicated he had been seen by a provider on December 18, 2021, but, according to Plaintiff, no providers were available that day because it was a weekend. (*Id*.)

On January 24, 2022, Plaintiff's left leg was examined again by an RJC nurse who saw that Plaintiff's leg was black and blue. (Dkt. # 3-1 at 6-7.) Plaintiff asserts he was immediately transported to HMC where another test was performed, and he was told he would need to see three different specialists. (*Id*. at 7.) Plaintiff claims the RJC medical staff advised him that the three referrals had been made and that it may take up to six months to be seen. (*Id*.) He further claims that HMC has been sending letters and emails to his home address in an attempt to set up

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

the appointments, but he has been unable to reply because he is incarcerated. (*Id*. at 8.) Plaintiff suggests that these communications from HMC indicate the RJC medical staff has not been communicating with HMC about his medical care and has made no effort to provide him treatment for his leg. (*Id*.) Plaintiff claims his leg is not getting better, and he asserts that the RJC is willfully neglecting his medical needs causing his physical and mental health to decline. (*Id*.)

Plaintiff identifies the King County Department of Adult and Juvenile Detention ("DAJD") and Jail Health Services ("JHS") as the only Defendants in his complaint. (Dkt. # 3-1 at 1, 3.) He requests relief in the form of an order directing Defendants to treat his leg properly and he also seeks monetary damages. (*Id*. at 10.)

### III.    DISCUSSION

#### A.    Screening Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

1   *v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to

2   raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

3   555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible

4   on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5          In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that

6   he suffered a violation of rights protected by the Constitution or created by federal statute, and

7   (ii) that the violation was proximately caused by a person acting under color of state law. *See*

8   *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff

9   must allege facts showing how individually named defendants caused, or personally participated

10   in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.

11   1981). "The inquiry into causation must be individualized and focus on the duties and

12   responsibilities of each individual defendant whose acts or omissions are alleged to have caused

13   a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

14          A local government unit or municipality can be sued as a "person" under § 1983. *Monell*

15   *v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality

16   cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking

17   to impose liability on a municipality under § 1983 must identify a municipal "policy" or

18   "custom" that caused his or her injury, and must demonstrate that the municipality, through its

19   deliberate conduct, was the "moving force" behind the injury alleged. *Bryan Cty. Comm'rs v.*

20   *Brown*, 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at 694).

21        **B.**    **Deficiencies**

22          Plaintiff identifies only two Defendants in his complaint, the DAJD and Jail Health

23   Services. The DAJD and Jail Health Services are both entities of King County and are therefore

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4

not proper defendants in this action. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). Plaintiff may pursue a claim against King County itself, but in order to do so he must specifically identify the County as a defendant in this action, he must identify the County "policy" or "custom" that caused him harm, and he must identify the federal constitutional right he believes has been violated by the identified "policy" or "custom." Plaintiff may also pursue claims against individual members of the DAJD or JHS staff, but in order to do so, Plaintiff must specifically identify the individuals whom he believes caused him harm and he must set forth specific facts demonstrating that each named individual personally participated in causing him harm of federal constitutional dimension. *See Crumpton*, 947 F.2d at 1420; *Arnold*, 637 F.2d at 1355.

## IV.    CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

(1)    The Court declines to direct that Plaintiff's complaint be served on Defendants because of the deficiencies identified above. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

(2)    Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 5

amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the Defendant(s), the constitutional claim(s) asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

(3)     The Clerk shall note this matter on the Court's calendar for **October 3, 2022**, for review of Plaintiff's amended complaint.

(4)     The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable Lauren King.

DATED this 2nd day of September, 2022.


MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 6